■ Triad Distributors, Inc., Appellant, v Anthony L. Conde et al., Defendants, and Judith A. Conde, Respondent.—In an action to foreclose two mortgages on real property, which were consolidated into one lien, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, dated May 19, 1975, as dismissed the complaint against the defendant Judith Conde, after a nonjury trial. Judgment affirmed, insofar as appealed from, with costs. Anthony Conde obtained two loans from his employer, plaintiff Triad Distributors, Inc. (Triad), in the total amount of $9,900, for personal reasons. When the debt was reduced to $8,000, Anthony Conde agreed to secure the loan with a bond and mortgage on his residence. An $8,000 mortgage and note, both dated June 10, 1970, were executed and delivered to Triad, bearing the signatures of Anthony and Judith Conde. Mrs. Conde denied signing either document. Mr. Antonaccio, a notary public, admitted that Mrs. Conde did not sign the documents in his presence. In early 1971 Anthony Conde admitted that he had stolen merchandise worth $14,600 from Triad. A note for that amount, dated February 17, 1971 and acknowledged on February 25, 1971, was executed and delivered to Triad bearing the signatures of Judith and Anthony Conde. Also, a consolidated mortgage in the amount of $20,200 (representing $5,600 remaining on the first note and the $14,600 note), dated and acknowledged on February 25, 1971, was executed and delivered to Triad bearing the signatures of Judith and Anthony Conde. Mrs. Conde testified that she signed both instruments upon threats by Mr. Antonaccio that her husband would be prosecuted and jailed if she refused to sign. A wife may avoid a mortgage

induced and obtained by threats of imprisonment of her husband, and it is of no consequence whether the threats were of a lawful or an unlawful imprisonment (cf. *Adams v Irving Nat. Bank of N. Y.,* 116 NY 606, 611–612; *Schoener v Lissauer,* 107 NY 111; 17 NY Jur, Duress and Undue Influence, §§ 18, 19; 38 NY Jur, Mortgages and Deeds of Trust, § 62). The trial court's finding of duress is supported by the weight of the evidence. The factual finding of the trial court, that the signatures of Mrs. Conde on the 1970 mortgage and note were forgeries, is also sustained by the evidence. Triad's other arguments have been considered and found to be without merit. Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.