W & H EQUITIES LLC, Respondent, v MARVIN ODUMS, Appellant, et al., Defendants. [978 NYS2d 910]—

Contrary to the appellant's contention, the original plaintiff, Greenpoint Mortgage Funding, Inc. (hereinafter Greenpoint), had standing to commence the action because it was the holder of the mortgage and the underlying note when it commenced the action (*see Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *U.S. Bank N.A. v Pia*, 73 AD3d 752, 753 [2010]). Subsequently, Greenpoint assigned the mortgage and note to W

& H Equities, LLC (hereinafter W & H), and the Supreme Court properly granted that branch of W & H's motion which was to substitute W & H as the plaintiff in the action (*cf. SO/Bluestar, LLC v Canarsie Hotel Corp.*, 33 AD3d 986, 986-987 [2006]).

The Supreme Court also properly granted that branch of W & H's motion which was for summary judgment on the complaint. A plaintiff seeking summary judgment in a mortgage foreclosure action establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default (*see Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856, 856 [2009]). Here, W & H satisfied its burden, and the appellant failed to raise a triable issue of fact in opposition (*see Wells Fargo Bank, N.A. v Webster*, 61 AD3d at 856).

The appellant failed to demonstrate entitlement to relief under CPLR 5015 (a) (*see Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674, 674 [2007]) and, thus, the Supreme Court properly denied the appellant's motion to vacate the order awarding the plaintiff summary judgment on the complaint.

The appellant's remaining contentions are without merit. Balkin, J.P., Chambers, Austin and Roman, JJ., concur.