■ ANDREW J. HOMAR et al., Appellants, v AMERICAN HOME MORTGAGE ACCEPTANCE, INC., et al., Respondents, et al., Defendant. [989 NYS2d 856]—

In an action, inter alia, to cancel a mortgage encumbering certain real property, the plaintiffs appeal from an order of the Supreme Court, Orange County (Bartlett, J.), dated April 16, 2012, which denied their motion for summary judgment on the complaint insofar as asserted against American Home Mortgage Acceptance, Inc., Mortgage Electronic Registration Systems, Inc., acting solely as nominee for American Home Mortgage Acceptance, Inc., American Home Mortgage Servicing, Inc., and Deutsche Bank National Trust Company, as Indenture Trustee for American Mortgage Investment Trust 2006-1 Mortgage Backed Notes Series 2006-1, inter alia, canceling the subject mortgage and declaring that they are the sole and rightful owners of the subject property.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action, among other things, to cancel a mortgage encumbering certain real property and for a declaration that they are the sole and rightful owners of the subject property. Thereafter, the plaintiffs moved for summary judgment seeking, inter alia, to cancel the subject mortgage on the ground that the defendant Deutsche Bank National Trust Company, as Indenture Trustee for American Mortgage Investment Trust 2006-1 Mortgage Backed Notes Series 2006-1 (hereinafter Deutsche Bank), lacked standing to commence an action to foreclose on the mortgage, since a purported assignment of the mortgage to Deutsche Bank, dated July 21, 2009, was invalid. In the order appealed from, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal, and we affirm.

The plaintiffs' submissions in support of their motion failed to demonstrate, prima facie, any basis for the cancellation of the subject mortgage or for a declaration that they are the sole and rightful owners of the subject property. Even if Deutsche Bank presently lacks standing to commence an action to foreclose the mortgage, the validity of the mortgage itself is not thereby vitiated. Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court correctly denied the plaintiffs' motion for summary judgment. Skelos, J.P., Leventhal, Chambers and Maltese, JJ., concur.