■ LESLIE KATZ et al., Appellants, v JEFFERSON MILLER et al., Defendants, and JOHN TOPPIN, Also Known as JOHN W. TOPPIN, et al., Respondents. [991 NYS2d 346]—

In an action to foreclose a mortgage, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Greco, Jr., J.), entered July 30, 2013, as denied those branches of their motion which were for summary judgment on the complaint insofar as asserted against the defendants John Toppin, also known as John W. Toppin, and Pearline Toppin, striking their affirmative defenses, and dismissing their counterclaims.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiffs' motion which were for summary judgment striking the first through twelfth affirmative defenses and dismissing the second and third counterclaims, and substituting therefor a provision

granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In an action to foreclose a mortgage, a plaintiff meets its initial burden by producing the mortgage and the unpaid note, and evidence of default (*see W & H Equities LLC v Odums*, 113 AD3d 840 [2014]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856 [2009]). Here, the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law against the defendants John Toppin, also known as John W. Toppin, and Pearline Toppin (hereinafter together the Toppin defendants) by submitting the note executed by Jefferson Miller, the guaranty of that note executed by the Toppin defendants and the mortgage securing that guaranty, as well as evidence of default (*see Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793 [2012]; cf. *W & H Equities LLC v Odums*, 113 AD3d 840 [2014]). However, in opposition, the Toppin defendants raised triable issues of fact as to whether the guaranty, mortgage, and related documents that they executed were unenforceable since they were procured by duress or were unconscionable (*see Lawrence v Graubard Miller*, 11 NY3d 588, 595 [2008]; *Adams v Irving Natl. Bank of N.Y.*, 116 NY 606, 611-612 [1889]; *Call v Ellenville Natl. Bank*, 5 AD3d 521, 525 [2004]; *Triad Distribs. v Conde*, 56 AD2d 648 [1977]). While the documents executed by the Toppin defendants included an estoppel certificate containing a waiver of any defenses, offsets, or counterclaims, the triable issues of fact concerning duress and unconscionability extend to the enforceability of that waiver (*see Hammelburger v Foursome Inn Corp.*, 54 NY2d 580, 593-594 [1981]; *JRK Franklin, LLC v 164 E. 87th St. LLC*, 27 AD3d 392, 393 [2006]). Moreover, the plaintiffs did not establish, prima facie, that the Toppin defendants ratified the guaranty and mortgage (*see Malek v Malek*, 107 AD3d 425 [2013]; *Arrow v Arrow*, 133 AD2d 960 [1987]). Accordingly, the Supreme Court properly denied those branches of the plaintiffs' motion which were for summary judgment on the complaint against the Toppin defendants and striking their thirteenth affirmative defense, misdesignated as the fourteenth affirmative defense, which alleged that the mortgage was unenforceable against them since it was secured by duress.

However, the Supreme Court should have granted those branches of the plaintiffs' motion which were for summary judgment striking the first through twelfth affirmative defenses. The second and eleventh affirmative defenses were not substantiated with factual allegations, and were conclusory in nature (*see* CPLR 3013, 3018 [b]; *Becher v Feller*, 64 AD3d 672, 677

[2009]; *Cohen Fashion Opt., Inc. v V & M Opt., Inc.*, 51 AD3d 619 [2008]). The plaintiffs established their prima facie entitlement to judgment as a matter of law striking the first, third through tenth, and twelfth affirmative defenses, and the Toppin defendants failed to raise a triable issue of fact in opposition (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Supreme Court should also have granted those branches of the plaintiffs' motion which were for summary judgment dismissing the second and third counterclaims, which were in the nature of defenses to the complaint and did not assert facts upon which affirmative relief may be granted (*see* CPLR 3019 [a]; *P.J.P. Mech. Corp. v Commerce & Indus. Ins. Co.*, 65 AD3d 195, 199-200 [2009]). The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment dismissing the first counterclaim (*see* Real Property Law § 282).

We decline the Toppin defendants' request to impose sanctions upon the plaintiffs or their attorney (*see generally* 22 NYCRR 130-1.1). Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.