WELLS FARGO BANK, N.A., Appellant, v CHAUDRY R. ALI, Respondent, et al., Defendants. [995 NYS2d 735]—

In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated September 9, 2011, which denied its motion for summary judgment on the complaint and granted the cross motion of the defendant Chaudry R. Ali pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is granted, and the cross motion of the defendant Chaudry R. Ali pursuant to CPLR 3211 (a) to dismiss the complaint is denied.

A plaintiff seeking to establish prima facie entitlement to judgment as a matter of law in a residential mortgage foreclosure action must produce the mortgage, the unpaid note, and evidence of the default (*see W & H Equities LLC v Odums*, 113 AD3d 840 [2014]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856 [2009]). If the plaintiff is not the original lender and standing is at issue, the plaintiff must also provide evidence that it received both the mortgage and note by a proper assignment (*see Midfirst Bank v Agho*, 121 AD3d 343 [2d Dept 2014]; *Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2011]; *CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759, 761 [2011]; *Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d 636, 637 [2011]), which can be established by the production of a written assignment of the note (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014]; *Homecomings Fin., LLC v Guldi*, 108 AD3d 506 [2013]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931 [2013]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]), or by physical delivery to the plaintiff of the mortgage and note (*see Kondaur Capital Corp. v McCary*, 115 AD3d 649 [2014]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 108; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752 [2009]).

Here, the plaintiff established its prima facie entitlement to

judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default of the defendant Chaudry R. Ali, together with evidence that it received the note and mortgage by proper assignment (*see Midfirst Bank v Agho*, 121 AD3d 343 [2014]). Contrary to the Supreme Court's finding, the documentary evidence established that there was no gap in the chain of ownership of one of the notes and mortgages, which was the subject of a consolidation, extension, and modification agreement. In opposition, Ali failed to raise a triable issue of fact.

Ali failed to establish that the plaintiff lacked standing to commence the action.

Ali's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint and denied Ali's cross motion pursuant to CPLR 3211 (a) to dismiss the complaint. Mastro, J.P., Hall, Roman and Maltese, JJ., concur.