■ U.S. BANK, N.A., Appellant, v SILVIO BERNABEL et al., Respondents, et al., Defendants. [5 NYS3d 372]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered July 26, 2012, which granted the Bernabel defendants motion to, among other things, vacate a judgment of foreclosure and sale entered in plaintiff's favor on January 12, 2011, unanimously reversed, on the law, without costs, the motion denied, and the judgment of foreclosure and sale reinstated. The Clerk is directed to enter judgment accordingly.

There was no basis for vacatur of the judgment of foreclosure and sale. By defaulting in this mortgage foreclosure action, defendants waived any argument that plaintiff lacked standing to commence the action (*see Wells Fargo Bank, NA v Edwards*, 95 AD3d 692, 692 [1st Dept 2012]; *see also Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 278-279 [1st Dept 2006], *appeal dismissed* 8 NY3d 837 [2007]). In any event, plaintiff established its standing by showing that it was both the holder and

assignee of the subject mortgage and the underlying note at the time of the commencement of the action (*see Bank of N.Y. Mellon Trust Co. NA v Sachar*, 95 AD3d 695, 695 [1st Dept 2012]). That the note was indorsed in blank is no impediment to plaintiff's enforcement of the note as the holder (*see e.g. Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674, 674 [2d Dept 2007]; *see also* former UCC 1-201 [20]). Plaintiff also established a prima facie right to foreclosure by producing the note and mortgage, as well as affidavits from its servicing agent showing that defendants failed to make a monthly payment in November 2007, thereby causing the entire loan to accelerate (*see Red Tulip, LLC v Neiva*, 44 AD3d 204, 209 [1st Dept 2007], *lv dismissed* 10 NY3d 741 [2008], *lv denied* 13 NY3d 709 [2009]). Contrary to defendants' contention, plaintiff complied with Administrative Order 548-10 of the Chief Administrative Judge. Concur—Tom, J.P., Renwick, Andrias, Richter and Gische, JJ.