■ JPMorgan Chase Bank, National Association, Appellant, v Frederick W. Butler, Respondent, et al., Defendants. [12 NYS3d 145]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), entered July 10, 2013, as (a) granted those branches of the motion of the defendant Frederick D. Butler which were (i) pursuant to CPLR 2606 for the payment out of court of the sum of $490,000, held on deposit by the Kings County Clerk, to the extent of directing a payment to him in the sum of $55,617.11, and (ii) pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the

plaintiff and/or its attorneys to the extent of directing a hearing to determine whether sanctions should be imposed, and (b) denied its cross motion pursuant to CPLR 2606 for the payment out of court of the sum of $490,000, held on deposit by the Kings County Clerk, and directed a hearing to determine whether it was entitled to the balance of the sum held on deposit by the Kings County Clerk. By decision and order on motion dated August 1, 2013, this Court stayed enforcement of so much of the order as directed the payment of the sum of $55,617.11 to the defendant Frederick D. Butler pending hearing and determination of the appeal.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted that branch of the motion of the defendant Frederick D. Butler which was pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the plaintiff and/or its attorneys to the extent of directing a hearing to determine whether sanctions should be imposed is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that on the Court's own motion, the notice of appeal from so much of the order as directed a hearing to determine whether the plaintiff was entitled to the payment out of court of the balance of the sum held on deposit by the Kings County Clerk is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the motion of the defendant Frederick W. Butler which was pursuant to CPLR 2606 for the payment out of court in the sum of $490,000, held on deposit by the Kings County Clerk, to the extent of directing a payment to him in the sum of $55,617.11, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof denying the plaintiff's cross motion pursuant to CPLR 2606 for the payment out of court of the sum of $490,000, held on deposit by the Kings County Clerk, and directing a hearing to determine whether the plaintiff was entitled to the balance of the sum held on deposit by the Kings County Clerk, and substituting therefor a provision granting the plaintiff's cross motion to the extent of awarding the sum of $434,382.89 to the plaintiff, to be paid out of court from the sum held on deposit by the Kings County Clerk, and (3) by deleting the provision thereof granting that branch of the motion of the defendant Frederick W. Butler which was pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against

the plaintiff and/or its attorneys to the extent of directing a hearing to determine whether sanctions should be imposed, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for further proceedings before a different Justice, including a hearing with respect to the amount of interest and any additional sums to be awarded to the plaintiff, and thereafter the entry of an appropriate judgment.

The defendant Frederick W. Butler executed a note promising to repay a loan in the sum of $450,000, which was secured by a mortgage encumbering certain real property that he owned in Brooklyn. By summons and complaint filed on January 20, 2010, the plaintiff commenced this action to foreclose on the mortgage, alleging that Butler had defaulted under the terms of the mortgage and note. Butler interposed an answer dated February 22, 2010, in which he asserted a general denial of the allegations contained in the complaint. Butler did not allege that the plaintiff lacked standing to commence this action or otherwise assert an affirmative defense or counterclaim.

After the parties were unable to reach a settlement during CPLR 3408 settlement conferences, Butler sold the subject premises and, as directed by the Supreme Court, placed on deposit with the Kings County Clerk the sum of $490,000, which sum was sufficient to pay off the outstanding balance due on the loan.

Thereafter, Butler moved, inter alia, to dismiss the complaint on the ground that the plaintiff did not have standing to commence this action. He also moved pursuant to CPLR 2606 for the payment to him out of court of the sum of $490,000, representing the balance of the proceeds of the sale, which was held on deposit by the Kings County Clerk, and pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the plaintiff and/or its attorneys. The plaintiff cross-moved pursuant to CPLR 2606 for the payment out of court of the $490,000 held on deposit with the Kings County Clerk.

In the order appealed from, the Supreme Court determined that the plaintiff failed to negotiate in good faith during settlement conferences conducted pursuant to CPLR 3408, based, in part, upon the court's finding that the plaintiff had misrepresented its status, i.e., it did not have standing to maintain the action. The court "tailored an equitable remedy" by granting that branch of Butler's motion which was pursuant to CPLR 2606 to the extent of directing the payment to Butler, from the

$490,000 on deposit with the Kings County Clerk, the sum of $55,617.11, which represented the interest that had accrued on the loan. The court also granted that branch of Butler's motion which was pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the plaintiff and/or its attorneys to the extent of directing a hearing to determine "whether the bad faith by [the plaintiff] and its counsel is frivolous conduct," and thus, whether sanctions should be imposed. The court denied the plaintiff's cross motion pursuant to CPLR 2606 for the payment out of court of the balance of $490,000, remaining on deposit with the Kings County Clerk. The court concluded that the plaintiff "lack[ed] the authority to be the plaintiff in the instant action." Concluding that further proceedings were necessary to resolve the issue of who was entitled to the funds remaining on deposit with the Kings County Clerk, the court directed a hearing to determine whether the plaintiff or another entity was entitled to the balance of the sum held on deposit by the Kings County Clerk, or $434,382.89. We modify.

"A party's alleged lack of standing to commence [an] action is a defense that is waived if not raised in an answer or in a pre-answer motion to dismiss the complaint" (*Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 240 [2007]; *see Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 568 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]). "Where, as here, the defendants in a mortgage foreclosure action waive the issue of standing by failing to assert the defense in an answer or pre-answer motion to dismiss the complaint (*see* CPLR 3211 [e]), the plaintiff need not establish its standing in order to demonstrate its prima facie entitlement to judgment as a matter of law" (*Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d at 567; *see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d at 244-245). In this case, the plaintiff established, prima facie, its entitlement to judgment as a matter of law for the unpaid principal balance of the note (*accord Rachmany v Regev*, 115 AD3d 840, 841 [2014]; *Simoni v Time-Line, Ltd.*, 272 AD2d 537, 538 [2000]). In this regard, the plaintiff presented the subject mortgage, the unpaid note, evidence of Butler's default, and evidence demonstrating that the unpaid principal balance remaining on the note totaled $434,382.89 (*see Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d at 567; *Katz v Miller*, 120 AD3d 768, 769 [2014]; *KeyBank N.A. v Chapman Steamer Collective, LLC*, 117 AD3d 991, 992 [2014]; *Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d 895, 895 [2013]; *Argent Mtge. Co., LLC v Mentesana*, 79 AD3d 1079, 1080 [2010]). In opposition, Butler failed to raise a triable issue of fact (*see Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d

at 567; *Katz v Miller*, 120 AD3d at 769; *KeyBank N.A. v Chapman Steamer Collective, LLC*, 117 AD3d at 992; *Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d at 895).

Contrary to the Supreme Court's conclusion, further proceedings were not necessary to resolve whether the plaintiff or some other entity was entitled to the principal unpaid balance due under the note. Accordingly, the court should have granted the plaintiff's cross motion to the extent of directing that the sum of $434,382.89 be paid out of court from the money held on deposit by the Kings County Clerk. However, since factual issues concerning the amount of interest and any additional sums to be awarded to the plaintiff remain unresolved, the matter must be remitted to the Supreme Court, Kings County, for a hearing to determine those issues.

On this record, there was insufficient evidence that the plaintiff failed to negotiate in good faith during settlement conferences conducted pursuant to CPLR 3408. Accordingly, the Supreme Court improvidently exercised its discretion in directing, upon finding that the plaintiff failed to negotiate in good faith, a payment out of court to Butler in the sum of $55,617.11, from the money held on deposit by the Kings County Clerk.

Finally, the Supreme Court should not have directed a hearing to determine that branch of Butler's motion which was for the imposition of sanctions against the plaintiff and/or its attorneys, as the evidence in the record does not warrant the imposition of sanctions (*see* 22 NYCRR 130-1.1 [c] [1], [2]).

In light of the foregoing, and under the circumstances of this case, including the Supreme Court's finding of bad faith based upon an analysis of the issue of standing, which was not before it (*cf. Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d at 567; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817-818 [2013]), we deem it appropriate to remit the matter to the Supreme Court, Kings County, for further proceedings before a different Justice. Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.