OPINION OF THE COURT
Thomas F. Whelan, J.
It is ordered that this motion (No. 001) by the plaintiff for a default judgment on its complaint, a substitution of the plaintiff and the deletion of the unknown defendants and an order appointing a referee to compute amounts due under the terms of the note and mortgage that are the subject of this foreclosure action is considered under CPLR 3215, 1018, 1024 and RPAPL 1321 and is granted; and it is further ordered that the cross motion (No. 002) by defendant, Robin D. Bertram, for dismissal of the plaintiffs complaint pursuant to CPLR 3215 (c) and 3211 (a) (8) and other subparagraphs of that rule are considered thereunder and are denied.
On December 21, 2006, the Bertram defendants were advanced the sum of $344,000 by a mortgage lender of their choosing which enabled them to purchase a home in Suffolk County. The loan was evidenced by a mortgage note in the amount of the loan and was secured by a mortgage in favor of the lender. The loan went into default on July 1, 2009 and such default has continued without cure to date.
On April 28, 2011, the plaintiff commenced this action by the filing of a summons and complaint in which it demands a judg *773 ment foreclosing the lien of the December 21, 2006 mortgage. Six days thereafter, the plaintiff filed a supplemental summons and complaint in an effort to cure an apparent omission of the index number on the face of the filed original summons. After their attempts to serve the Bertram defendants at the mortgaged premises pursuant to CPLR 308 (1) and (2) failed, the plaintiffs process server effected service on May 16, 2011, as averred in the affidavit of such process server that is attached to the moving papers.
Prosecution of the plaintiffs claims for foreclosure and sale were delayed by the imposition of federally directed litigation holds following the occurrences of Hurricane Irene in August of 2011 and Hurricane Sandy in October of 2012 which continued into 2013. Thereafter, the defendants applied for a loan modification under the federal Home Affordable Modification Program which was approved on a trial basis by the plaintiff on July 14, 2014. The first of three payments was due on August 1, 2014 and on the first day of each of the two following months. The defendants defaulted in their trial payment obligations and were notified of such default by letter of the plaintiffs servicer dated September 9, 2014. The defendants nevertheless appeared at a CPLR 3408 settlement conference scheduled and held on October 16, 2014 by court personnel assigned to the specialized Residential Mortgage Foreclosure Conference Part of this court but could not reach a resolution with plaintiffs counsel. The action was so marked and released from that part a week later and assigned to the civil case inventory of this court.
In August of 2015, the plaintiff interposed the instant motion (No. 001) for an order of reference on default, a substitution of the plaintiff and an order deleting the unknown defendants listed in the caption together with a caption amendment to reflect these changes. The motion is opposed by defendant, Robin D. Bertram, in cross moving papers wherein he seeks a dismissal of the plaintiffs complaint as abandoned pursuant to CPLR 3215 (c). In addition, the cross moving defendant seeks dismissal of the complaint on the grounds that the court lacks jurisdiction over his person because he never received the supplemental summons and complaint that was served upon him at the mortgaged premises in May of 2011 pursuant to CPLR 308 (4) as attested to in the affidavit of the plaintiffs process server. Other grounds for dismissal of the complaint include a lack of standing on the part of the plaintiff which purportedly provides a basis for dismissal of the complaint *774 pursuant to CPLR 3211 (a) (1) due to documentary proof of the standing defense which purportedly renders the pleaded claim for foreclosure and sale legally insufficient under CPLR 3211 (a) (7). The plaintiff opposes the cross motion in papers that further serve as a reply to the opposition to its motion-in-chief, to which the cross moving counsel has replied in papers that include an affidavit of the cross moving defendant’s codefendant.
The court first considers the cross motion (No. 002) of defendant, Robin D. Bertram, as determination thereof may render consideration of the plaintiff’s motion-in-chief (No. 001) academic. Where, as here, a claim for vacatur rests upon a jurisdictional defense, appellate case authorities have instructed trial courts to consider the efficacy of such defense prior to determining whether discretionary grounds for a vacatur of the default exist under CPLR 5015 (a) (1) or 3012 (d) (see Community W. Bank, N.A. v Stephen, 127 AD3d 1008 [2d Dept 2015]; E*Trade Bank v Vasquez, 126 AD3d 933, 934 [2d Dept 2015]; HSBC Bank USA, N.A. v Miller, 121 AD3d 1044 [2d Dept 2014]; Youngstown Tube Co. v Russo, 120 AD3d 1409 [2d Dept 2014]; Canelas v Flores, 112 AD3d 871 [2d Dept 2013]).
“A process server’s affidavit of service constitutes prima facie evidence of proper service” (Scarano v Scarano, 63 AD3d 716, 716 [2d Dept 2009]; see NYCTL 2009-A Trust v Tsafatinos, 101 AD3d 1092, 1093 [2d Dept 2012]). “Although a defendant’s sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server’s affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server’s affidavits” (Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984-985 [2d Dept 2010] [internal quotation marks and citation omitted]; see Mortgage Elec. Registration Sys., Inc. v Losco, 125 AD3d 733 [2d Dept 2015]; JPMorgan Chase v Todd, 125 AD3d 933 [2d Dept 2015]; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897 [2d Dept 2013]).
Here, the affidavit of service of the plaintiff’s process server constituted prima facie evidence of proper service pursuant to CPLR 308 (4) (see ACT Props., LLC v Garcia, 102 AD3d 712 [2d Dept 2013]; Bank of N.Y. v Espejo, 92 AD3d 707, 708 [2d Dept 2012]; US Natl. Bank Assn. v Melton, 90 AD3d 742, 743 [2d Dept 2011]), including the observance of the due *775 diligence requirement imposed by CPLR 308 (4) (see Wells Fargo Bank, NA v Besemer, 131 AD3d 1047 [2d Dept 2015]).
A review of the cross moving papers reveals that the same were insufficient to rebut the presumption of due service arising from the process server’s affidavit. The denial of receipt of the supplemental summons and complaint advanced by the cross moving defendant in his affidavit in support of his cross motion, was non-specific, conclusory and unsubstantiated. There were no claims that the mortgaged premises were not the cross moving defendant’s dwelling place or his usual place of abode or that any of the other facts asserted in the process server’s affidavit were erroneous. The submission of the affidavit of the cross moving defendant’s codefendant, Claudette Bertram, as an attachment to the reply papers of defense counsel, constitutes new matter which the court rejects under the well established rule governing the submission of such material where the non-movant has no opportunity to respond (see Sahni v Kitridge Realty Co., Inc., 114 AD3d 837 [2d Dept 2014]; Mora v Cammeby’s Realty Corp., 106 AD3d 704 [2d Dept 2013]). In any event, a review of the allegations set forth therein do not establish the efficacy of the cross moving defendant’s claims of a lack of personal jurisdiction over him.
Nor do the defendant’s challenges to the process server’s due diligence efforts to effect service under CPLR 308 (1) or (2) warrant a dismissal of the complaint. Service pursuant to CPLR 308 (4) may be used only where personal service under CPLR 308 (1) and (2) cannot be made with due diligence (see CPLR 308 [4]). Here, the process server’s affidavit demonstrated that three visits were made to the mortgaged premises on three different occasions at different times when the defendants could reasonably be expected to have been found there. Upon a further visit to the subject premises, the supplemental summons and complaint was affixed to the door. The process server also explained an unsuccessful attempt to obtain an employment address for the defendant. Under these circumstances, the court finds that the due diligence element imposed upon the plaintiff’s process server by the provisions of CPLR 308 (4) was satisfied (see Wells Fargo Bank, NA v Besemer, 131 AD3d 1047 [2d Dept 2015]). Those portions of the cross motion by defendant, Robin D. Bertram, in which he seeks dismissal of the complaint due to a purported lack of jurisdiction over his person are thus denied.
Those portions of the cross moving defendant’s cross motion wherein he seeks dismissal of the complaint as abandoned *776 pursuant to CPLR 3215 (c) are also denied. CPLR 3215 (c) requires that a plaintiff commence proceedings for the entry of a default judgment within one year after the default or demonstrate sufficient cause why the complaint should not be dismissed. Where the plaintiff has made an application to. the court for the entry of a default judgment within one year of the defendant’s default, even if unsuccessful, the court may not later dismiss the complaint as abandoned pursuant to CPLR 3215 (c) (see GMAC Mtge., LLC v Todaro, 129 AD3d 666 [2d Dept 2015]; Wells Fargo Bank, N.A. v Combs, 128 AD3d 812 [2d Dept 2015]; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839 [2d Dept 2015]; Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d 804 [2d Dept 2013]; Jones v Fuentes, 103 AD3d 853 [2d Dept 2013]; Norwest Bank Minn. v Sabloff, 297 AD2d 722 [2d Dept 2002]; Brown v Rosedale Nurseries, 259 AD2d 256 [1st Dept 1999]; Home Sav. of Am., F.A. v Gkanios, 230 AD2d 770 [2d Dept 1996]).
In the mortgage foreclosure arena, delays in the prosecution of cases may fairly be attributable to various legislative enactments and administrative rules which are aimed at resolving foreclosure actions in a manner favorable to mortgagors. These legislative enactments and rules have dramatically slowed the pace of residential mortgage foreclosure actions pending at the time such enactments or rules were adopted and have caused serious delays in the institution of new actions (see L 2008, ch 472, § 3-a, as amended by L 2009, ch 507, § 10; CPLR 3408; 22 NYCRR 202.12-a). The seemingly endless imposition of new procedural mandates include the scheduling of a mandatory settlement conference pursuant to CPLR 3408, which was extended by administrative rules to include multiple conferences (see 22 NYCRR 202.12-a [c] [6]), the holding of all motions “in abeyance” during the conference process (22 NYCRR 202-12-a [c] [7]), and the merit based vouching requirements that were imposed upon counsel for a foreclosing plaintiff in all pending cases by court administrators (see Administrative Order of Chief Admin Judge of Cts AO/548/10, amended by AO/431/11, and AO/208/13), which are now the subject of CPLR 3012-b for cases commenced after August 30, 2013.
In addition, many servicers and/or lenders are subject to a host of federal regulations adopted on a temporary basis in 2013 and formally thereafter in January of 2014 which subject them to sanctions in the form of money damages if they commence or continue the prosecution of claims for foreclosure and *777 sale in cases wherein the borrower may be eligible for loan modifications or other loss mitigation alternatives under federal programs (see Consumer Financial Protection Bureau Regulation X [12 CFR, ch X, part 1024, subpart C] §§ 1024.39-1024.41). Other stays on prosecution of foreclosure actions subject to federal jurisdiction were put in place by FEMA in 2011 and 2012 due to the effects of Hurricanes Irene and Sandy.
As a consequence of these statutory and regulatory frameworks, motions for orders of reference are often first made after the one-year time limitation period imposed by CPLR 3215 (c), the purpose of which is to prevent the prosecution of stale claims (see Giglio v NTIMP, Inc., 86 AD3d 301 [2d Dept 2011]). Sufficient cause to justify a belated motion for a default judgment has thus been held to have been demonstrated where such delays were engendered by the action remaining in the specialized Residential Mortgage Foreclosure Conference Part for multiple conferences over many months, during which time motions are held in “abeyance” until the action was released from the conference part (see 22 NYCRR 202.12-a [c] [6], [7]; Aurora Loan Servs. LLC v Brescia, 2013 NY Slip Op 32663[U], *3-4 [Sup Ct, Suffolk County 2013]; Onewest Bank, FSB v Navarro, 41 Misc 3d 1238[A], 2013 NY Slip Op 52053[U] [Sup Ct, Suffolk County 2013]; BAC Home Loans Servicing, L.P. v Bordes, 36 Misc 3d 1203[A], 2012 NY Slip Op 51184[U] [Sup Ct, Queens County 2012]; BAC Home Loans Servicing, LP v Mauer, 36 Misc 3d 1210[A], 2012 NY Slip Op 51243[U] [Sup Ct, Suffolk County 2012]; see also Wells Fargo Bank, N.A. v Pasciuta, 2014 NY Slip Op 32113 [U] [Sup Ct, Suffolk County 2014]). These holdings find support from appellate case authorities issued in other contexts where the delay is attributable to the parties’ engagement in litigation communications, discovery matters and/or settlement talks which negates any intention to abandon and is thus excusable under CPLR 3215 (c) (see Brooks v Somerset Surgical Assoc., 106 AD3d 624 [1st Dept 2013]; Laourdakis v Torres, 98 AD3d 892 [1st Dept 2012]).
The Appellate Division, Second Department has instructed that in cases wherein no motion is interposed within the one-year time limitation period, avoidance of a dismissal of the complaint as abandoned requires the plaintiff to offer a reasonable excuse for the delay in moving for leave to enter a default judgment and must demonstrate a potentially meritorious cause of action (see Giglio v NTIMP, Inc., 86 AD3d 301, 308 [2011]; see also Kohn v Tri-State Hardwoods, Ltd., 92 AD3d *778 642 [2d Dept 2012]; 115-41 St. Albans Holding Corp. v Estate of Harrison, 71 AD3d 653 [2d Dept 2010]; Cynan Sheetmetal Prods., Inc. v B.R. Fries & Assoc., Inc., 83 AD3d 645 [2d Dept 2011]; First Nationwide Bank v Pretel, 240 AD2d 629 [2d Dept 1997]). In addition, appellate case authorities have established that a moving defendant’s failure to show prejudice by the plaintiff’s delay in moving for the default may tip the balance in favor of a finding of sufficient cause to excuse the delay, provided an explanation for the delay is advanced which evinces no intent to abandon the action and a meritorious cause of action is shown to exist (see LNV Corp. v Forbes, 122 AD3d 805 [2d Dept 2014]; Brooks v Somerset Surgical Assoc., 106 AD3d 624 [2013], supra; Laourdakis v Torres, 98 AD3d 892 [2012], supra; LaValle v Astoria Constr. & Paving Corp., 266 AD2d 28 [1st Dept 1999]; Hinds v 2461 Realty Corp., 169 AD2d 629, 632 [1st Dept 1991]). Delays attributable to the parties’ engagement in mandatory settlement conference procedures, or other loss mitigation efforts including trial loan modifications and other settlement communications, motion practice and other pretrial proceedings have been held to negate any intention to abandon the action and are thus excusable under CPLR 3215 (c) (see Brooks v Somerset Surgical Assoc., 106 AD3d 624 [2013], supra; Laourdakis v Torres, 98 AD3d 892 [2012], supra).
Here, the record reveals that the plaintiff did not undertake the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference under RPAPL 1321 (1) within the one-year time period imposed by CPLR 3215 (c). However, the plaintiff has demonstrated that sufficient cause exists for the delay within the contemplation of CPLR 3215 (c) due to its engagement in a plethora of litigation activities from which an intent not to abandon its claims for foreclosure and sale is discernable. Such activities include the observance of litigation holds imposed by federal agencies and by the federal rules promulgated in July of 2013 that were formally adopted in January of 2014, which precluded the continued prosecution of pending foreclosure claims absent loss mitigation reviews and receipt of applications for loan modifications and the parties’ engagement in settlement discussions after the litigation holds were lifted. Those discussions resulted in the plaintiff’s offer of a trial modification of the subject loan to the mortgagors in July of 2014, which they ultimately rejected. In addition, the plaintiff’s *779 maintenance of the subject premises by the payment of real estate taxes and other costs and the filing of successive notices of pendency are evidence of clear intent not to abandon its claims for foreclosure and sale. Moreover, the absence of prejudice to the moving defendant, which weighs in favor of tipping the balance in favor of the plaintiff, is evident from the record which reflects that cross moving defendant has enjoyed use of the mortgaged premises since July 1, 2009, when the default in payment occurred, without making any payments of amounts due under the terms of the loan documents. Under these circumstances, the court finds for due and sufficient cause, the plaintiff did not abandon the action within the purview of CPLR 3215 (c). Those portions of the instant motion wherein defendant, Robin D. Bertram, seeks an order dismissing the complaint as abandoned pursuant to CPLR 3215 (c), are thus denied.
Those portions of the defendant’s cross motion wherein he demands dismissal of the complaint pursuant to CPLR 3211 (a) (1), (2), (3) and (7) are denied, as each of these demands are predicated upon a purported lack of standing on the part of the plaintiff including a separation of the note and mortgage which allegedly renders rights embodied therein unenforceable. It is well established that a prima facie case for foreclosure and sale is made out where a foreclosing plaintiff submits proof of the execution of the note and mortgage by the defendant and a default in payment or other obligations of the defendant borrower/mortgagor under the terms of the mortgage (see Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980 [2d Dept 2015]; Nationstar Mtge., LLC v Wong, 132 AD3d 825 [2d Dept 2015]; Loancare v Firshing, 130 AD3d 787 [2d Dept 2015]; Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176 [2d Dept 2015]; Wells Fargo Bank, N.A. v DeSouza, 126 AD3d 965 [2d Dept 2015]; One W. Bank, FSB v DiPilato, 124 AD3d 735 [2d Dept 2015]; Wells Fargo Bank, N.A. v Ali, 122 AD3d 726 [2d Dept 2014]).
This standard is, however, enlarged to include a demonstration that the plaintiff is possessed of the requisite standing to pursue its claims where, and only where, the defense of standing is due and timely asserted by a defendant possessed of such defense (see HSBC Bank USA, N.A. v Baptiste, 128 AD3d 773 [2d Dept 2015]; Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566 [2d Dept 2014]; Midfirst Bank v Agho, 121 AD3d 343 [2d Dept 2014]; Plaza Equities, LLC v Lamberti, 118 AD3d 688 [2d Dept 2014]; Kondaur Capital Corp. v McCary, 115 AD3d *780 649 [2d Dept 2014]; Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d 931 [2d Dept 2013]; Deutsche Bank Natl. Trust Co. v Rivas, 95 AD3d 1061 [2d Dept 2012]; Citimortgage, Inc. v Stosel, 89 AD3d 887, 888 [2d Dept 2011]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239 [2d Dept 2007]).
The last stated rule is discernible from the general precept that the standing of a plaintiff is not an element of his or her claim (see 42 AD3d at 242; see also JP Morgan Chase Bank, N.A. v Butler, 129 AD3d 777 [2d Dept 2015]; Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566 [2014], supra; Midfirst Bank v Agho, 121 AD3d 343 [2014], supra; Plaza Equities, LLC v Lamberti, 118 AD3d 688 [2014], supra). This is particularly evident in the mortgage foreclosure arena wherein recent appellate case authorities have repeatedly held that a lack of standing is merely an affirmative defense which must be timely raised by a defendant possessed of such defense or it is waived (see CPLR 3018 [b]; 3211 [e]; Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176 [2015], supra; HSBC Bank USA, N.A. v Forde, 124 AD3d 840 [2d Dept 2015]; JP Morgan Mtge. Acquisition Corp. v Hayles, 113 AD3d 821 [2d Dept 2014]; Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760 [2d Dept 2013]). A foreclosing plaintiff is thus under no obligation to establish its standing in order to demonstrate a prima facie entitlement to judgment as a matter of law where its standing has not been challenged by an answer or pre-answer motion to dismiss in which that defense is properly asserted by one possessed of it (see Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239 [2007], supra; see also Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980 [2015], supra; Nationstar Mtge., LLC v Wong, 132 AD3d 825 [2015], supra; Loancare v Firshing, 130 AD3d 787 [2015], supra; Wells Fargo Bank, N.A. v Ali, 122 AD3d 726 [2014], supra; Midfirst Bank v Agho, 121 AD3d 343, 347 [2014], supra; JP Morgan Chase Bank, N.A. v Butler, 129 AD3d 777, 779 [2015], supra; Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566 [2014], supra).
The defense of standing is thus not jurisdictional in nature (see U.S. Bank, N.A. v Peters, 127 AD3d 742 [2d Dept 2015]; Citimortgage, Inc. v Chow Ming Tung, 126 AD3d 841 [2d Dept 2015]; HSBC Bank USA, N.A. v Simmons, 125 AD3d 930 [2d Dept 2015]; Wells Fargo Bank, N.A. v Gioia, 114 AD3d 766 [2d Dept 2014]; Citimortgage, Inc. v Friedman, 109 AD3d 573 [2d Dept 2013]; HSBC Bank USA, N.A. v Taher, 104 AD3d 815 [2d Dept 2013]; Deutsche Bank Natl. Trust Co. v Pietranico, 102 *781 AD3d 724 [2d Dept 2013]; U.S. Bank N.A. v Tate, 102 AD3d 859 [2d Dept 2013]; Deutsche Bank Natl. Trust Co. v Hunter, 100 AD3d 810 [2d Dept 2012]; Bank of N.Y. v Alderazi, 99 AD3d 837 [2d Dept 2012]; U.S. Bank N.A. v Denaro, 98 AD3d 964 [2012]; U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047 [2d Dept 2011]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242-244 [2007], supra). Attempts by defendants in mortgage foreclosure actions to recast a standing defense into one sounding in a lack of subject matter jurisdiction by the simple expedient of denominating it as such have been easily dispatched as wholly unavailing (see Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980 [2015], supra; US Bank N.A. v Smith, 132 AD3d 848 [2d Dept 2015]; U.S. Bank, N.A. v Peters, 127 AD3d 742 [2015], supra; Deutsche Bank Natl. Trust Co. v Hunter, 100 AD3d 810 [2012], supra).
Moreover, the prosecution of a claim for foreclosure and sale by one without standing is not an actionable wrong, as the claimant may prevail even in the absence of standing (see Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566 [2014], supra; Bank of N.Y. v Cepeda, 120 AD3d 451 [2d Dept 2014]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242 [2007], supra; see also US Bank, NA v Reed, 38 Misc 3d 1206[A], 2013 NY Slip Op 50004[U] [Sup Ct, Suffolk County 2013]). Nor does the prosecution of a claim for foreclosure and sale by one without standing vitiate or otherwise affect, adversely, the validity of the mortgage (see Homar v American Home Mtge. Acceptance, Inc., 119 AD3d 900 [2d Dept 2014]).
Once waived, a standing defense may not be resurrected and used in support of an untimely motion to dismiss pursuant to CPLR 3211 (see Wells Fargo Bank, N.A. v Combs, 128 AD3d 812 [2d Dept 2015]; Southstar III, LLC v Enttienne, 120 AD3d 1332 [2d Dept 2014]; JP Morgan Mtge. Acquisition Corp. v Hayles, 113 AD3d 821 [2d Dept 2014]; EMC Mtge. Corp. v Gass, 114 AD3d 1074 [3d Dept 2014]; U.S. Bank N.A. v Gonzalez, 99 AD3d 694, 694-695 [2d Dept 2012]; McGee v Dunn, 75 AD3d 624, 625 [2d Dept 2010]; Countrywide Home Loans, Inc. v Delphonse, 64 AD3d 624 [2d Dept 2009]). Nor may it be used to support an application for a discretionary vacatur of a default pursuant to CPLR 5015 (a) (1) (see Wells Fargo Bank, N.A. v Laviolette, 128 AD3d 1054 [2d Dept 2015]; U.S. Bank, N.A. v Bernabel, 125 AD3d 541 [1st Dept 2015]; JP Morgan Mtge. Acquisition Corp. v Hayles, 113 AD3d 821 [2014], supra; Citibank, N.A. v Swiatkowski, 98 AD3d 555 [2d Dept 2012]; *782 CitiMortgage, Inc. v Rosenthal, 88 AD3d 759 [2d Dept 2011]; HSBC Bank, USA v Dammond, 59 AD3d 679 [2d Dept 2009]), or in support of an application pursuant to CPLR 5015 (a) (4) that is premised upon subject matter jurisdictional grounds (see Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980 [2015], supra; US Bank N.A. v Smith, 132 AD3d 848 [2015], supra).
Here, the standing defense was waived by the cross moving defendant’s failure to assert it in a timely served answer or pre-answer motion to dismiss. It thus provides no basis for a dismissal of the complaint pursuant to CPLR 3211 (a) (3). In addition, the standing defense is not jurisdictional in nature and would not support a motion to dismiss pursuant to CPLR 3211 (a) (2). Moreover, the absence of pleaded allegations and/or proof of the plaintiff’s standing does not warrant a dismissal of the complaint on grounds of legal insufficiency as contemplated by CPLR 3211 (a) (7), since standing is not an element of the plaintiff’s claim for foreclosure and sale, in the first instance, and is not one in this action. Those portions of the instant cross motion (No. 002) wherein the defendant seeks dismissal of the complaint pursuant to CPLR 3211 (a) is in all respects denied.
Finally, the court rejects as unmeritorious, defendant Robin D. Bertram’s request for leave to serve a late answer pursuant to CPLR 3012 (d) which was advanced for the first time in the reply papers submitted by defense counsel. While it has been held in recent appellate case authorities that a party in default who opposes a motion for a default judgment may have the default vacated and obtain leave to serve and file a late answer pursuant to CPLR 3012 (d), without service of a notice of cross motion seeking leave to extend the time to answer, the granting of such relief is dependent upon a demonstration of the elements of a claim for a discretionary vacatur of a default on excusable default grounds, namely, a reasonable excuse for the default and a meritorious defense to the action (see Fried v Jacob Holding, Inc., 110 AD3d 56 [2d Dept 2013]; see also Wells Fargo Bank, N.A. v Krauss, 128 AD3d 813 [2d Dept 2015]; Schwartz v Reisman, 112 AD3d 909 [2d Dept 2013]; Blake v United States of Am., 109 AD3d 504 [2d Dept 2013]).
The applicability of this rule is doubtful here since defendant, Robin D. Bertram, did in fact cross-move for affirmative relief in response to the plaintiff’s service of its motion for a default judgment, but failed to include a demand for leave to serve a late answer together with a copy of such answer (see *783 Vidal v 452 Wyckoff Corp., 131 AD3d 600 [2d Dept 2015]). In addition, the plaintiff had no opportunity to respond to this new request for relief as it was first asserted in the cross moving defendant’s reply papers which implicates the rule precluding new matter in replies (see Sahni v Kitridge Realty Co., Inc., 114 AD3d 837 [2014], supra; Mora v Cammeby’s Realty Corp., 106 AD3d 704 [2013], supra). In any event, the court finds that no reasonable excuse for the default in answering was advanced by the cross moving defendant in any of his submissions to the court. Where, as here, the only excuse offered is an unsuccessful claim of defective or improper service, the reasonable excuse element of the claim for a discretionary vacatur of a default is not established (see US Bank N.A. v Smith, 132 AD3d 848 [2015], supra).
In view of the foregoing, the cross motion (No. 002) by defendant, Robin D. Bertram, for dismissal of the complaint and his request for a vacatur of his default and leave to serve a late answer are denied.
The plaintiff’s motion (No. 001) for a default judgment on its complaint against all persons served with process, the substitution of an post-commencement assignee of note and mortgage by the plaintiff’s successor in interest, the deletion of the unknown defendants and an order appointing a referee to compute is considered under CPLR 3215, 1018, 1024 and RPAPL 1321 and is granted. Entitlement to a default judgment rests upon the plaintiff’s submission of proof of service of the summons and complaint, proof of the facts constituting the claim and proof of the defaulting party’s default in answering or appearing (see CPLR 3215 [f]; U.S. Bank N.A. v Alba, 130 AD3d 715 [2d Dept 2015]; Deutsche Bank Natl. Trust Co. v Otano, 129 AD3d 770 [2d Dept 2015]; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838 [2d Dept 2015]; Todd v Green, 122 AD3d 831 [2d Dept 2014]; U.S. Bank, N.A. v Razon, 115 AD3d 739 [2d Dept 2014]; Cruz v Keter Residence, LLC, 115 AD3d 700 [2d Dept 2014]; Triangle Props. #2, LLC v Narang, 73 AD3d 1030 [2d Dept 2010]).
Here, the plaintiff’s submissions satisfied these requirements as they included due proof of the plaintiff’s service of the summons and complaint and the defaults in answering on the part of the defendants served with process, including defendant, Robin D. Bertram. In addition, the moving papers included an affidavit of merit by the current loan servicer/ assignee of the note and mortgage, who averred facts which *784 constitute cognizable claims for foreclosure and sale against the obligor/mortgagor defendants. To defeat the plaintiff’s facially adequate motion, it was incumbent upon the cross moving defendant to establish that there was no default in answering due to a jurisdictional defect or otherwise, or that he possesses a reasonable excuse to for the delay in answering and a potentially meritorious defense to the plaintiff’s claims (see Wells Fargo Bank, N.A. v Krauss, 128 AD3d 813 [2015], supra; Fried v Jacob Holding, Inc., 110 AD3d 56 [2013], supra). As indicated above, defendant Robin D. Bertram, the only defendant who appeared in opposition, failed to establish any of these factors.
In view of the foregoing, the cross motion (No. 002) by defendant, Robin D. Bertram, to dismiss the complaint and other relief is denied. The plaintiff’s motion (No. 001) for default judgments on its complaint and the other incidental relief outlined above is granted.
Proposed order of reference, as modified by the court to reflect the terms of this memorandum decision and order has been marked signed.