SRMOF II 2012-I Trust, Respondent-Appellant, v Mercy I. Tella, Appellant-Respondent, et al., Defendants. [33 NYS3d 25]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered September 9, 2014, which, inter alia, granted plaintiff's motion for a default judgment, and order, same court and Justice, entered September 22, 2015, which denied plaintiff's motion to remove defendant Mercy Tella as a necessary party to this action, and proceed without her, unanimously affirmed, without costs.

Plaintiff's excuse for its delay in moving for a default judgment indicates that there was activity well within the one-year period specified in CPLR 3215 (c) (*see Pappoe v Custodio*, 156 AD2d 211 [1st Dept 1989]). Defendant Tella offers no excuse for her default in answering the complaint, and her attempt to challenge the sufficiency of the documents underlying plaintiff's motion for a default judgment is unpreserved and in any event unavailing. Plaintiff's proof of service, the summons and complaint, and Tella's default in answering when served with process, in conjunction with "[the] affidavit of merit by the current loan servicer/assignee of the note and mortgage, who averred facts which constitute cognizable claims for foreclosure and sale against the obligor/mortgagor defendant[ ]," are sufficient to support plaintiff's motion (*BAC Home Loan Servicing, LP v Bertram*, 51 Misc 3d 770, 783-784 [Sup Ct, Suffolk County 2016]; *see also HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206 [2d Dept 2015]).

Plaintiff failed to demonstrate that it waived its right to assert a deficiency judgment against Tella, and, thus, failed to establish that Tella is not a necessary or indispensable party who can be severed from these proceedings (*see Federal Natl. Mtge. Assn. v Connelly*, 84 AD2d 805, 805 [2d Dept 1981]). Concur—Mazzarelli, J.P., Andrias, Richter, Manzanet-Daniels and Kahn, JJ.