NYCTL 2008-A Trust v Livingston (2019 NY Slip Op 06781)





NYCTL 2008-A Trust v Livingston


2019 NY Slip Op 06781


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-07443
 (Index No. 26612/09)

[*1]NYCTL 2008-A Trust, et al., appellants,
v
Theresa June Livingston, et al., defendants, Cleopatra Livingston, respondent.


Windels Marx Lane & Mittendorf, LLP, New York, NY (Josef F. Abt of counsel), for appellants.



DECISION & ORDER
In an action to foreclose a tax lien, the plaintiffs appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated June 29, 2011. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendants Theresa June Livingston, Helen Hollisher Livingston, and Cleopatra Livingston, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendants Theresa June Livingston, Helen Hollisher Livingston, and Cleopatra Livingston, and for an order of reference are granted.
The Supreme Court should have granted those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendants Theresa June Livingston, Helen Hollisher Livingston, and Cleopatra Livingston (hereinafter collectively the defendants), and for an order of reference. The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law by submitting the subject tax lien certificate, which was presumptive evidence of a valid and enforceable lien, along with proof that no payments had been made on the tax lien (see NYCTL 2009-A Trust v Morris, 164 AD3d 1249; NYCTL 1998-2 Trust v 104-26 Jamaica Ave., LLC, 160 AD3d 974; NYCTL 2011-A Trust v Master Sheet Co., Inc., 150 AD3d 755). The affidavits of the tax lien ombudsman (see NYCTL 2009-A Trust v Morris, 164 AD3d at 1250; Bank of N.Y. v 125-27 Allen St. Assoc., 59 AD3d 220) and the representative of the plaintiffs' servicing agent were sufficient to establish the plaintiffs' prima facie entitlement to summary judgment (see Wells Fargo Bank, N.A. v Osias, 156 AD3d 942; U.S. Bank, N.A. v Bernabel, 125 AD3d 541). In addition, the plaintiffs made a prima facie showing that they satisfied the defendants' due process rights by furnishing constitutionally adequate notice of the sale of the tax lien (see NYCTL 2009-A Trust v Morris, 164 AD3d at 1251).
In her opposition papers, the defendant Cleopatra Livingston failed to raise a triable issue of fact rebutting the plaintiffs' showing or as to the merit of her affirmative defenses (see NYCTL 2009-A Trust v Morris, 164 AD3d at 1251; NYCTL 2008-A Trust v Trinco, Inc., 148 AD3d 1035).
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court