■ EVA WARD, Doing Business as TELEFILM Co., Respondent, v KENT PROPERTIES et al., Appellants. (Action No. 1.) SUCCESS COMMUNICATIONS, INC., Appellant, v 21ST CENTURY DISTRIBUTION CORP., Respondent and Third-Party Plaintiff. Kent Properties et al., Third-Party Defendants. (Action No. 2.) — (Action No. 1) — Order of the Supreme Court, New York County (Arthur E. Blyn, J.), entered August 31, 1983, denying the motion of defendants Custi and Celia Olearcheck to vacate and set aside the default judgment entered against all defendants other than defendants Kent Properties and Fredric D. Gray, reversed, on the law and the facts and in the exercise of discretion, and the motion granted, with costs. ¶ (Action No. 2) — Order of the Supreme Court, New York County (Arthur E. Blyn, J.), entered August 31, 1983, denying the motion of Success Communications, Inc., to require Eva Ward to pay over to plaintiff Success any proceeds of the judgment recovered by her against Kent Properties and others, affirmed, without costs. ¶ These are consolidated actions. Action No. 1 was brought by plaintiff against Kent Properties, a limited partnership, Fredric D. Gray, its general partner, and 14 limited partners, for breach of contract, fraud and punitive damages. The contract alleged to have been breached is an agreement whereby the plaintiff conveyed to Kent Properties her interest in a motion picture in return for cash, certain promotional material and the transfer of radio and television time owned by Kent Properties. Success Communications, Inc., the plaintiff in action No. 2, is the instrumentality through which Kent Properties held the radio and television time and through which such time was to be booked. ¶ Only the partnership and the general partner were served with process in action No. 1. Nevertheless, the firm of attorneys retained by the partnership interposed an answer on behalf of *all* defendants, apparently without authority from any of the limited partners. Thereafter, plaintiff moved for partial summary judgment. In the interim the associate in the firm purportedly representing all defendants severed his connection with that firm. In addition, Kent Properties and Gray retained new counsel. As a result, the motion for partial summary judgment went by default and judgment was entered against all defendants. Kent Properties and Gray moved to vacate their default on the motion for summary judgment. That motion was denied. Thereafter, execution was issued by plaintiff against the real and personal property of Custi and Celia Olearcheck, two of the limited partners. Levy was made on the residence of the Olearchecks in Nassau County. This motion to vacate the default judgment against the limited partners followed. Special Term denied that motion and the Olearchecks, acting on behalf of all of the limited partners, appeal. ¶ Although the complaint alleges that Kent Properties is a limited partnership and that Gray is the sole general partner thereof, plaintiff seems to have altered her claim in the papers in support of the motion for partial summary judgment. She there contends that a search of the records indicates that Kent Properties is a *general* partnership because it did not comply with the mandate of section 91 of the Partnership Law which requires that the certificate of limited partnership be published once a week for six consecutive weeks and that proof of publication, together with the original certificate, be filed in the office of the County Clerk in the county in which the partnership has its principal place of business. Be that as it may, it is clear that the levy upon the residence of the Olearchecks was improper for, although CPLR 310 provides that jurisdiction over a partnership may be obtained by service upon any one of the partners,

CPLR 5201 (subd [b]), insofar as here pertinent, provides that "[a] money judgment entered upon a joint liability of two or more persons may be enforced against individual property of those persons summoned and joint property of such persons with any other persons against whom the judgment is entered". "A partner's liability on a partnership contract is joint and not several" (16 NY Jur 2d, Business Relationships, § 1409; Partnership Law, § 26). Although the complaint contains a cause sounding in fraud, it is so framed to lay the groundwork for the claim of punitive damages. The complaint is one sounding basically in contract and partial summary judgment was granted only on that claim. ¶ We come then to the precise issue before us — whether the circumstances here presented warrant vacatur of the judgment against those designated in the complaint as limited partners. They did not authorize the attorney who appeared on their behalf to do so. Gray, who was served, had no actual or apparent authority to subject their personal assets to judgment, although he could bind their interest in the partnership. Thus, there is a reasonable basis for their default. As to the merit of the defense tendered by them, it is obvious that colorably it has merit. Plaintiff breached the agreement under which she sues by her dealings with Success, the plaintiff in action No. 2. It was Success to which she was required to look for rendition of the services she was entitled to receive under the agreement on which the action is based. Accordingly, the motion to vacate the judgment should have been granted. ¶ It is contended by Success that the radio and television time transferred to Ward was booked and then canceled by 21st Century Distribution through Success and in connection therewith Success rendered certain services for which it was not paid. Success brought action in the Civil Court to recover for such services. In that action 21st Century Distribution cross-claimed against Kent Properties and Gray. Subsequent to the entry of judgment in action No. 1, Success moved to consolidate the two actions and to compel plaintiff to pay over to it any sums received in connection with the judgment entered in action No. 1. Special Term granted so much of the motion as sought consolidation but denied that branch of the motion which sought to compel turnover of the proceeds received as a result of the judgment in action No. 1. Success appeals from so much of the order as denied its motion for a turnover of the proceeds. We think that this holding was proper. Eva Ward, the plaintiff in action No. 1, is not a party to action No. 2. The relationship between her and 21st Century Distribution is less than clear. Moreover, no facts are set forth to support a contractual or other relationship between Eva Ward and 21st Century Distribution sufficient to treat them as one and the same. In these circumstances, it would be improper to compel turnover of any proceeds which may be paid to Eva Ward as a result of the judgment obtained by her against Kent Properties and Gray. Concur — Ross, J. P., Bloom, Lynch, Milonas and Kassal, JJ.