■ MIDWOOD DEVELOPMENT CORPORATION, Respondent, v K 12TH ASSOCIATES, Defendant, and AMBASSADOR TERRACE ASSOCIATES et al., Appellants.—In an action to recover damages for breach of contract, the defendants Ambassador Terrace Associates and Abraham Salomon appeal from a judgment of the Supreme Court, Kings County (Ramirez, J.), entered May 28, 1987, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $65,000.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellants' arguments, a written agreement with the respondent dated August 19, 1982, calling for a payment of $75,000 by the appellants to the respondent, is not void for lack of consideration. The appellants claimed that they had previously entered into an agreement in 1981 for the payment of $25,000, and that the 1982 agreement therefore lacked consideration, because it contained a mere promise to pay money (see, Schwartzreich v Bauman-Basch, Inc., 231 NY 196; 21 NY Jur 2d, Contracts, §§ 101-102). However, the trial court found that the testimony of the appellant Salomon that he had signed and redelivered the $25,000 contract in July 1981 to be contradicted by documentary evidence and other testimony, and therefore concluded the respondent's offer to enter into the 1981 contract was never accepted. Matters of credibility are left largely to the trial court as trier of fact, and based upon this record there is no basis upon which to disturb the court's findings (see, Barnet v Cannizzaro, 3 AD2d 745).

Nor is the 1982 contract voidable because of economic duress. Economic duress exists when a party is forced to agree to the terms of a contract by means of a wrongful threat which precludes the exercise of free will (see, 805 Third Ave. Co. v M. W. Realty Assocs., 58 NY2d 447). The trial court's finding that there was no duress is fully supported by the record.

Finally, Salomon, who is a general partner in the appellant Ambassador Terrace Associates, claims that the complaint should be dismissed as against him because the respondent failed to plead and prove facts that make him individually liable. A partner's liability for the contractual liabilities of the partnership is joint rather than several (see, Partnership Law § 26; Ward v Kent Props., 102 AD2d 771; see also, 16 NY Jur 2d, Business Relationships, § 1409), and each partner is liable for the whole amount of every debt of the partnership, not merely for a proportionate part (see, Griedinger v Hoffberg, 49 AD2d 549; 16 NY Jur 2d, Business Relationships, § 1409). Accordingly, the trial court properly entered judgment against Salomon (see, CPLR 5201 [b]). We note that the mere fact that Salomon is individually liable on the partnership contract does not alter the long-standing rule that a judgment creditor generally must look to partnership property first to satisfy the judgment. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.