■ 110 Sand Co., Plaintiff, v Nassau Land Improvement Co., Inc., Appellant, and Town of Babylon, Respondent, et al., Defendants. (And a Third-Party Action.) [775 NYS2d 578]—

In an action to recover damages pursuant to a public improvement contract, the defendant Nassau Land Improvement Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated March 11, 2003, as granted that branch of the motion of the defendant Town of Babylon which was for summary judgment dismissing its second cross claim alleging breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the motion of the defendant Town of Babylon which was for summary judgment dismissing the appellant's second cross claim alleging breach of contract (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Once the Town established its prima facie entitlement to judgment by demonstrating that the appellant agreed both orally and in writing to waive all claims against the Town for additional compensation in exchange for an extension of time to complete the improvement project, it became incumbent upon the appellant to establish, by admissible evidence, that a triable issue of fact existed. "[A] shadowy semblance of an issue or bald conclusory assertions, even if believable, are not enough to defeat a motion for summary judgment" (*Mlcoch v Smith*, 173 AD2d 443, 444 [1991] [internal quotation marks omitted]). In response, the appellant failed to come forth with proof in evidentiary form tending to establish that its waiver was the result of economic duress (*see 805 Third Ave. Co. v M.W. Realty Assoc.*, 58 NY2d 447 [1983]; *Muller Constr. Co. v New York Tel. Co.*, 40 NY2d 955, 956 [1976]; *Austin Instrument v Loral Corp.*, 29 NY2d 124, 130 [1971]; *Matter of Hopkins v Governale*, 222 AD2d 435, 436 [1995]; *Home & City Sav. Bank v Jamel Realty Corp.*, 186 AD2d 936 [1992]; *Midwood Dev. Corp. v K 12th Assoc.*, 146 AD2d 754 [1989]). Further, the appellant waived any claim of economic duress by its failure to promptly repudiate its waiver (*see Sheindlin v Sheindlin*, 88 AD2d 930, 931 [1982]; *Leader v Dinkler Mgt. Corp.*, 26 AD2d 683 [1966], *affd* 20 NY2d 393 [1967]).

The appellant's remaining contentions are without merit. H. Miller, J.P., Luciano, Schmidt and Townes, JJ., concur.