■ REDROCK KINGS, LLC, Appellant, v KINGS HOTEL, INC., et al., Respondents, et al., Defendants. [970 NYS2d 804]—

In a mortgage foreclosure action, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated December 9, 2011, as denied those branches of its motion which were for summary judgment on the complaint and for the appointment of a referee to compute the amount of money that is due to it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint and for the appointment of a referee to compute amount of money that is due to it are granted.

In March 2006, in connection with the planned conversion of a factory building into a hotel, the defendant Kings Hotel, Inc. (hereinafter Kings Hotel), obtained a loan from the Stillwater Asset Backed Fund, LP (hereinafter Stillwater), the original plaintiff in this action, evidenced by a note in the principal sum of $3,500,000. The maturity date of the note was March 22, 2007. The defendant William Boateng, the President of Kings Hotel, executed a personal guaranty with respect to the loan.

In April 2008, Stillwater entered into an extension agreement with Kings Hotel, by Boateng (hereinafter together the Kings Hotel defendants), in which, inter alia, the Kings Hotel defendants acknowledged their default with respect to the loan, agreed to pay Stillwater the principal and certain interest due under the note by the maturity date, and waived, inter alia, the right to assert any claims against Stillwater and, among others, its successors and assigns. When the Kings Hotel defendants did not comply with the terms of the extension agreement, Stillwater commenced this action.

Subsequently, the note and mortgage underwent several assignments, and Redrock Kings, LLC (hereinafter Redrock), moved, inter alia, to be substituted for Stillwater as the plaintiff in this action, for summary judgment on the complaint, and for the appointment of a referee to compute the amount of money

that is due to it. The Supreme Court, inter alia, denied those branches of Redrock's motion which were for summary judgment on the complaint and for the appointment of a referee to compute the amount of money that is due to it.

Redrock established its prima facie entitlement to judgment as a matter of law by providing, inter alia, the subject note and mortgage, and proof of the Kings Hotel defendants' default, thereby shifting the burden to the Kings Hotel defendants to raise a triable issue of fact (*see Wells Fargo Bank, N.A. v Cohen*, 80 AD3d 753, 755 [2011]; *Zanfini v Chandler*, 79 AD3d 1031, 1031-1032 [2010]; *Aames Funding Corp. v Houston*, 44 AD3d 692, 693 [2007]; *HSBC Bank USA v Merrill*, 37 AD3d 899, 900 [2007]; *Household Fin. Realty Corp. of N.Y. v Winn*, 19 AD3d 545, 546 [2005]; *Sears Mtge. Corp. v Yaghobi*, 19 AD3d 402, 403 [2005]). In opposition, the Kings Hotel defendants failed to raise a triable issue of fact as to the validity of the extension agreement or Redrock's contractual right to foreclose (*see generally Stewart M. Muller Constr. Co. v New York Tel. Co.*, 40 NY2d 955 [1976]; *Austin Instrument v Loral Corp.*, 29 NY2d 124 [1971]; *110 Sand Co. v Nassau Land Improvement Co.*, 7 AD3d 497 [2004]). The Kings Hotel defendants also failed to raise a triable issue of fact as to standing (*see Broxmeyer v United Capital Corp.*, 79 AD3d 780, 784 [2010]; *see also CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759, 761 [2011]).

Accordingly, the Supreme Court should have granted those branches of Redrock's motion which were for summary judgment on the complaint and for the appointment of a referee to compute the amount of money that is due to it.

The parties' remaining contentions either are improperly before this Court or need not be addressed in light of our determination. Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.