United Nations Fed. Credit Union v Diarra (2021 NY Slip Op 03011)





United Nations Fed. Credit Union v Diarra


2021 NY Slip Op 03011


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 


Index No. 32276/16E Appeal No. 13819 Case No. 2020-04203 

[*1]United Nations Federal Credit Union, Plaintiff-Respondent,
v
Fatoumata Diarra, Defendant-Appellant, Environmental Control Board, et al., Defendants.


Law Offices of David M. DorÉ, P.C., New York (David M. DorÉ of counsel), for appellant.
Weltman & Moskowitz, LLP, New York (Michele K. Jaspan of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered September 24, 2019, which granted plaintiff's motion for summary judgment on its foreclosure complaint and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff established a presumption that it properly served defendant with the requisite RPAPL 1304 notice through the affidavit of service from its counsel's employee, who averred that she served a true copy of the notice by first-class mail and certified mail, by depositing it in an official depository of the United States Postal Service upon defendant's last known address (see CIT Bank N.A. v Schiffman, NY3d , 2021 NY Slip Op 01933, *2-4 [2021]; Ocwen Loan Servicing LLC v Siame, 185 AD3d 408, 409 [1st Dept 2020]). Moreover, plaintiff submitted a copy of the RPAPL 1304 notice, along with the envelope containing the notice, which was addressed to defendant at the mortgaged premises and bore a certified mail 20-digit barcode (see Nationstar Mtge., LLC v LaPorte, 162 AD3d 784 [2d Dept 2018]).
In response, defendant failed to raise a triable issue of fact as to whether she was properly served with the RPAPL 1304 notice. A "mere denial of receipt is insufficient to rebut a presumption of mailing where there is documentary proof of the mailing" (CitiBank, N.A. v Conti-Scheurer, 172 AD3d 17, 23 [2d Dept 2019]).
Plaintiff also demonstrated compliance with RPAPL 1303 by submitting the affidavit of service, indicating that the summons and complaint was served on defendant's purported co-tenant, at her home at the mortgaged premises, and included the requisite RPAPL 1303 notice on yellow paper (see US Bank N.A. v Sims, 162 AD3d 825, 826 [2d Dept 2018]; cf. Flagstar Bank, FSB v Hart, 184 AD3d 626 [2d Dept 2020]). Plaintiff also submitted evidence showing that it served defendant's co-tenant with the requisite notice to tenants in foreclosure on yellow paper, by first-class mail and certified mail, within 10 days of serving the summons and complaint (see RPAPL 1303[4]). Defendant's bare, unsubstantiated claim that she and the tenants on the premises were not served with the RPAPL 1303 notice is insufficient to rebut plaintiff's prima facie showing of proper service on the only identified tenant on the premises (see HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860 [2d Dept 2016]).
Furthermore, plaintiff established that it was the holder of the note by attaching the final, consolidated note to the summons and complaint at the time the action was commenced (see Bank of N.Y. Mellon v Knowles, 151 AD3d 596, 596-597 [1st Dept 2017]). Plaintiff also submitted an affidavit of its loss mitigation analyst, who averred that he had first-hand knowledge of the facts surrounding the action, reviewed plaintiff's business records, and determined that plaintiff was the owner and holder of the loan documents when it commenced this action and that defendant had defaulted on the loan ([*2]see Wells Fargo Bank, N.A. v Charlaff, 134 AD3d 1099, 1100 [2d Dept 2015]).
Defendant's arguments regarding improper assignment are unavailing, as the final note, secured by the final mortgage at issue here, amended and consolidated all prior notes and mortgages executed by defendant, and was delivered and payable to plaintiff (see Deutsche Bank Natl. Trust Co. v Benson, 179 AD4d 767, 768 [2d Dept 2020]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021