U.S. Bank N.A. v 1226 Evergreen Bapaz LLC (2024 NY Slip Op 02386)

U.S. Bank N.A. v 1226 Evergreen Bapaz LLC

2024 NY Slip Op 02386

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, Rosado, O'Neill Levy, JJ. 

Index No. 802559/21 Appeal No. 2169-2170 Case No. 2023-06397, 2023-06413 

[*1]U.S. Bank National Association, etc., Plaintiff-Respondent,
v
1226 Evergreen Bapaz LLC, et al., Defendants-Appellants, Approved Oil Co., et al., Defendants.

MCShapiro Law Group PC, Great Neck (Mitchell C. Shapiro of counsel), for appellants.
McCarter & English, LLP, New York (John R. Stoelker of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered March 28, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its mortgage foreclosure cause of action and denied the cross-motion of defendants 1226 Evergreen Bapaz LLC (Evergreen) and Shabab Berokhim to dismiss the complaint, unanimously affirmed, with costs. Order, same court and Justice, entered March 28, 2023, which denied as moot defendants' motion pursuant to CPLR 322 for an order requiring plaintiff's attorney to produce evidence of authority to commence the action, unanimously affirmed, without costs.
In this action to foreclosure on a commercial mortgage loan secured by real property located at 1226 Evergreen Avenue in the Bronx, plaintiff bank met its burden to establish standing to foreclose by production of both the note and affixed allonges and the recorded mortgage assignments evincing that the loan was properly transferred to plaintiff on December 17, 2018 (see Broome Lender LLC v Empire Broome LLC, 220 AD3d 611 [1st Dept 2023]). Plaintiff established its prima facie entitlement to judgment of foreclosure by producing the relevant loan documents and evidence of defendant Evergreen's default thereunder beginning in August 2020 (see PNC Bank, N.A. v Salcedo, 161 AD3d 571, 571-572 [1st Dept 2018]).
In opposition, defendants failed to raise a triable issue of fact as to its affirmative defenses. Even if those defenses were not waived by a forbearance agreement executed in December 2020, the statutes governing pleading and notice requirements in foreclosure actions involving certain home loans are inapplicable to the instant action (see RPAPL 1304; Raia v Pototschnig, 127 AD3d 574, 575 [1st Dept 2015]). Nor did the loan documents require plaintiff to provide defendants with notice and an opportunity to cure its defaults. Nonetheless, plaintiff provided defendants with notice of their default as evidenced by an affidavit of service (see United Nations Fed. Credit Union v Diarra, 194 AD3d 506 [1st Dept 2021]).
Moreover, the court properly granted plaintiff's motion for a default judgment against defendant Berokhim, who guaranteed the loan. Defendants failed to demonstrate a reasonable excuse for his default or the existence of a meritorious defense (see CPLR 3215; Buywise Holding, LLC v Harris, 31 AD3d 681, 683 [2d Dept 2006]).
The court properly accepted the affidavits of plaintiff's special servicer establishing plaintiff's counsel's authority to commence this action on plaintiff's behalf
in compliance with CPLR 322 (see CPLR 322[a]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024