**Columbia Capital II Inc. v 514 W. 44th St., Inc.**

2024 NY Slip Op 34566(U)

December 2, 2024

Supreme Court, New York County

Docket Number: Index No. 850540/2023

Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. FRANCIS A. KAHN, III**

*Justice*

-------------------------------------------------------------------------X

COLUMBIA CAPITAL II INC.,

Plaintiff,

- v -

514 WEST 44TH STREET, INC.,ANDREW ROSENBERG, NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE, CITY OF NEW YORK DEPARTMENT OF FINANCE, DEPALMA ACQUISITION I LLC,CAPITAL ONE EQUIPMENT FINANCE CORP. D/B/A CAPITAL ONE TAXI MEDALLION FINANCE, JOHN DOE NO. 1 THROUGH JOHN DOE NO. 20

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| PART | 32 |
| INDEX NO. | 850540/2023 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41

were read on this motion to/for _____ JUDGMENT - SUMMARY _____ .

Upon the foregoing documents, the motion is determined as follows:

The within action is to foreclose on a consolidated mortgage encumbering a parcel of commercial real property known as 514 West 44th Street, New York, New York. The mortgage was given by 514 West 44TH Street Inc., ("514 West") to non-party Columbia Capital Co. ("Columbia") to secure consolidated and restated mortgage note with an original principal amount of $2,750,000.00. The note and mortgage, both dated August 31, 2018, and were executed by Defendant Andrew Rosenberg ("Rosenberg") as President of Defendant 514 West. Concomitantly with these documents, Rosenberg executed a guarantee of the indebtedness. By contract dated April 1, 2020, Plaintiff and Defendant 514 West executed a loan modification agreement. Therein Defendant 514 West acknowledged that Plaintiff was the "equitable owner and holder of the note" and reaffirmed its promise to pay the indebtedness.

Plaintiff commenced this action alleging *inter alia* Defendants defaulted in repayment under the note. Defendant 514 West and Rosenberg answered jointly and pled eleven [11] affirmative defenses, including lack of standing. Now, Plaintiff moves for *inter alia* summary judgment against the appearing Defendants, for a default judgment against the non-appearing parties, striking the appearing Defendants' affirmative defenses, appointing a referee to compute and to amend the caption. Defendants AR and Rosenberg oppose the motion.

In moving for summary judgment, Plaintiff was required to establish *prima facie* entitlement to judgment as a matter of law though proof of the mortgage, the note, and evidence of Defendants' default in repayment (*see eg U.S. Bank, N.A. v James*, 180 AD3d 594 [1st Dept 2020]; *Bank of NY v Knowles*, 151 AD3d 596 [1st Dept 2017]; *Fortress Credit Corp. v Hudson Yards, LLC*, 78 AD3d 577 [1st Dept

2010]). Also, based on the affirmative defenses pled, Plaintiff was required to demonstrate, *prima facie*, its standing (*see eg Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2nd Dept 2020]). Proof supporting a *prima facie* case on a motion for summary judgment must be in admissible form (*see* CPLR §3212[b]; *Tri-State Loan Acquisitions III, LLC v Litkowski*, 172 AD3d 780 [1st Dept 2019]). A plaintiff may rely on evidence from persons with personal knowledge of the facts, documents in admissible form and/or persons with knowledge derived from produced admissible records (*see eg U.S. Bank N.A. v Moulton*, 179 AD3d 734, 738 [2d Dept 2020]). No particular set of business records must be proffered, as long as the admissibility requirements of CPLR 4518[a] are fulfilled and the records evince the facts for which they are relied upon (*see eg Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2d Dept 2017]).

Plaintiff's motion was supported with an affidavit from Rudolf Kats ("Kats"), President of Plaintiff. Kats stated that his affidavit was based upon both his personal knowledge and examination of business records, but he fails to specify which facts are personally known or derived from records (*see Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 206 [2d Dept 2019]). To the extent Kats' knowledge is based upon a review of books and records, his affidavit laid a proper foundation for the admission of Plaintiff's records into evidence under CPLR §4518 (*see Bank of N.Y. Mellon v Gordon*, 171 AD3d 197 [2d Dept 2019]). Nevertheless, many of the salient loan documents, including the note and mortgage, were created by Plaintiff's assignors and Kats failed to demonstrate knowledge of any other entity's record keeping practices (*see Berkshire Bank v Fawer*, 187 AD3d 535 [1st Dept 2020]; *IndyMac Fed. Bank, FSB v Vantassell*, 187 AD3d 725 [2d Dept 2020]). IN the alternative, Kats failed to attest that any records received from prior makers were incorporated into the records Plaintiff kept and were routinely relied on in its business (*see U.S. Bank N.A. v Kropp-Somoza*, 191 AD3d 918 [2d Dept 2021]; *Tri-State Loan Acquisitions III, LLC v Litkowski*, 172 AD3d 780, 782-783 [2d Dept 2019]; *cf. Bank of Am., N.A. v Brannon*, 156 AD3d 1, 10 [1st Dept 2017]). At most, Kats showed a naked "review of records maintained in the normal course of business [which] does not vest an affiant with personal knowledge" (*JPMorgan Chase Bank, N.A. v Grennan*, 175 AD3d 1513, 1517 [2d Dept 2019]).

As to Defendants' default, it "is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form" (*Deutsche Bank Natl. Trust Co. v McGann*, 183 AD3d 700, 702 [2d Dept 2020]). Although the terms contained in the modification agreement establish the existence of the indebtedness (*see Redrock Kings, LLC v Kings Hotel, Inc.*, 109 AD3d 602 [2d Dept 2013]; *EMC Mortg. Corp. v Stewart*, 2 AD3d 772 [2d Dept 2003]), the note and mortgage were not in admissible form. Since Kats' knowledge was partially based on an examination of Plaintiff's business records, those records were required to be, but were not, produced (*see US Bank v Rowe*, 194 AD3d 978 [2d Dept 2021]).

As to standing in a foreclosure action, it is established in one of three ways: [1] direct privity between mortgagor and mortgagee, [2] physical possession of the note prior to commencement of the action that contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff either on its face or by allonge, and [3] assignment of the note to Plaintiff prior to commencement of the action (*see eg Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2d Dept 2020]; *Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375 [3d Dept 2015]). As the second circumstance, the note is the dispositive instrument (*Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]). When the note is validly assigned "the mortgage passes with the debt as an inseparable incident" (*U.S. Bank N.A. v Carnivale*, 138 AD3d 1220, 1221 [2d Dept 2016], *quoting Onewest Bank, F.S.B. v Mazzone*, 130 AD3d 1399, 1400 [2d Dept 2015]). However, "mere physical possession of a note at the commencement of a foreclosure action is insufficient to confer standing or to make a plaintiff the lawful

holder of a negotiable instrument for the purposes of enforcing the note" (*U.S. Bank N.A. v Moulton*, 179 AD3d 734, 737 [2d Dept 2020]).

In this case, it is undisputed that Plaintiff was not the original lender, and it submitted no proof of its status a physical holder of an endorsed note. Instead, to demonstrate its standing when the action was commenced, Plaintiff relies on a series of purported recorded written assignments. When relying on a series of written transfers, including assignments, demonstrating the validity of each assignment in the chain is obligatory to prove standing (*see eg GRP Loan, LLC v Taylor*, 95 AD3d 1172 [2d Dept 2012]). Moreover, a written assignment of a mortgage is often a nullity in this context (*see eg U.S. Bank N.A. v Dellarmo*, 94 AD3d 746, 748 [2d Dept 2012]), unless that mortgage assignment expressly includes transfer of the note, or similar language (eg. loan, indebtedness, the moneys due and owing, etc.), which can be sufficient to transmit the note (*see eg Broome Lender LLC v Empire Broome LLC*, 220 AD3d 611 [1st Dept 2023]; *US Bank Natl. Assn. v Ezugwu*, 162 AD3d 613 [1st Dept 2018]; *Chase Home Fin., LLC v Miciotta*, 101 AD3d 1307 [3d Dept 2012]; *GRP Loan, LLC v Taylor*, supra). In this case, Plaintiff did not annex the assignments to its motion, much less in admissible form, so there is no evidence of Plaintiff's standing (*see 5AIF Sycamore 2, LLC v. 201 EB Dev. III*, 223 AD3d 550 [1st Dept 2024]).

Accordingly, as Plaintiff failed to prove it standing to commence this action along with Defendant's default, the branch of its motion for summary judgment fails irrespective of the viability of Defendant's opposition papers (*see Federal Natl. Mtge. Assn. v* Allanah, 200 AD3d 947 [2d Dept 2021]).

As to the branch of Plaintiff's motion to dismiss Defendants' affirmative defenses, CPLR §3211[b] provides that "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit". For example, affirmative defenses that are without factual foundation, conclusory or duplicative cannot stand (*see Countrywide Home Loans Servicing, L.P. v Vorobyov*, 188 AD3d 803, 805 [2d Dept 2020]; *Emigrant Bank v Myers*, 147 AD3d 1027, 1028 [2d Dept 2017]). When evaluating such a motion, a "defendant is entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed. If there is any doubt as to the availability of a defense, it should not be dismissed" (*Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 743 [2d Dept 2008]).

As pled, all the affirmative defenses, except the fourth, are entirely conclusory and unsupported by any facts in the answer. As such, these affirmative defenses are nothing more than unsubstantiated legal conclusions which are insufficiently pled as a matter of law (*see Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden*, 169 AD3d 569 [1st Dept 2019]; *see also Bosco Credit V Trust Series 2012-1 v. Johnson*, 177 AD3d 561 [1st Dept 2020]; *170 W. Vil. Assoc. v. G & E Realty, Inc.*, 56 AD3d 372 [1st Dept 2008]; *see also Becher v Feller*, 64 AD3d 672 [2d Dept 2009]; *Cohen Fashion Opt., Inc. v V & M Opt., Inc.*, 51 AD3d 619 [2d Dept 2008]). Further, to the extent that specific legal arguments were not proffered in support of any affirmative defense, those defenses were abandoned (*see U.S. Bank N.A. v Gonzalez*, 172 AD3d 1273, 1275 [2d Dept 2019]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2d Dept 2012]; *Wells Fargo Bank Minnesota, N.A v Perez*, 41 AD3d 590 [2d Dept 2007]).

Plaintiff has established that it is entitled to a default judgment against all non-appearing Defendants (*see CPLR §3215; SRMOF II 2012-1 Trust v Tella*, 139 AD3d 599, 600 [1st Dept 2016]).

The branch of Plaintiff's motion to amend caption is granted without opposition (*see generally* CPLR §3025; *JP Morgan Chase Bank, N.A. v Laszio*, 169 AD3d 885, 887 [2d Dept 2019]).

Accordingly, it is

ORDERED that the branch of Plaintiff's motion for summary judgment on its causes of action for foreclosure and appointment of a referee are denied, and it is

ORDERED that all the affirmative defenses in Defendants' answer, except the fourth, are stricken, and it is

ORDERED that the caption of this action and all pleadings and papers filed or served in this action are hereby amended, without prejudice to all proceedings herein, to substitute "I. Rosenberg Auto Repair Inc." in place and stead of "John Doe No. 1" and to delete references to "John Doe No. 2" through "John Doe No. 20", and the caption is amended as provided below; it is further

ORDERED the caption is amended as follows:

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------------------X
COLUMBIA CAPITAL II INC.,

                              Plaintiff,


                              -against-


514 WEST 44TH STREET, INC., ANDREW ROSENBERG,
NEW YORK STATE DEPARTMENT OF TAXATION &
FINANCE, CITY OF NEW YORK DEPARTMENT OF
FINANCE, DEPALMA ACQUISITION I LLC, CAPITAL
ONE EQUIPMENT FINANCE CORP. D/B/A CAPITAL
ONE TAXI MEDALLION FINANCE, and I. ROSENBERG
AUTO REPAIR INC.,

                              Defendants.
---------------------------------------------------------------------------------X

| 12/2/2024 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | FRANCIS KAHN, III, A.J.S.C. | |
| | | | | HON. FRANCIS A. KAHN III J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]