| **Wells Fargo Bank, N.A. v Cropper** |
|:---:|
| 2026 NY Slip Op 30759(U) |
| February 26, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 850665/2023 |
| Judge: Francis A. Kahn III |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. FRANCIS A. KAHN, III**      PART      **32**

                        *Justice*

-----------------------------------------------------------------------X

WELLS FARGO BANK, N.A.,

                Plaintiff,

            - v -

DONNA CROPPER, JOHN DOE

               Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 850665/2023 |
| MOTION DATE | |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66

were read on this motion to/for        JUDGMENT - SUMMARY        .

Upon the foregoing documents, the motion is determined as follows:

This is an action to foreclose on a residential mortgage encumbering a parcel of real property located at 392 Central Park West 19X, New York, New York. The mortgage, dated January 17, 2013, was given by Defendant Donna Cropper ("Cropper"), to nonparty DE Capital Mortgage, LLC ("Capital") and secures an indebtedness with an original principal amount of an original principal amount of $675,000.00 evidenced by a note the same date as the mortgage. Cropper and non-party Wells Fargo Bank, NA ("Wells Fargo"), assignee of Capital, executed a modification agreement, dated July 20, 2022, wherein Cropper acknowledged Wells Fargo as holder of the note, a default in repayment, the amount of the indebtedness and reaffirmed a promise to repay same.

Wells Fargo commenced this action and pled Cropper defaulted in repayment on or about May 1, 2023, and on all subsequent installment payments. Cropper answered and pled twelve affirmative defenses, including lack of standing and noncompliance with RPAPL §§ 1303 and 1304, as well as failure to provide a contractual pre-foreclosure notice. Thereafter, Wells Fargo apparently assigned the note and mortgage to Wilmington Savings Fund Society, FSB ("Wilmington"). Now, Plaintiff moves for summary judgment against Cropper, to strike their answer, dismiss their affirmative defenses, for a default judgment against the non-answering Defendants, to appoint a referee, and to amend the caption. Cropper opposes the motion.

In moving for summary judgment, a plaintiff is required to establish *prima facie* entitlement to judgment as a matter of law through proof of the mortgage, the note, and evidence of Defendants' default in repayment (*see eg U.S. Bank, N.A. v James*, 180 AD3d 594 [1st Dept 2020]; *Bank of NY v Knowles*, 151 AD3d 596 [1st Dept 2017]; *Fortress Credit Corp. v Hudson Yards, LLC*, 78 AD3d 577 [1st Dept 2010]). Based upon Defendants' affirmative defenses, Plaintiff was also required to demonstrate it had standing when this action was commenced (*see eg Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2d Dept 2020]), its strict compliance with RPAPL §§ 1303 and 1304 (*see U.S. Bank, NA v Nathan*, 173 AD3d 1112 [2d Dept 2019]; *HSBC Bank USA, N.A. v Bermudez*, 175 AD3d

850665/2023 WELLS FARGO BANK, N.A., vs. CROPPER, DONNA M. ET AL
Motion No. 002

Page 1 of 5

1 of 5

[* 1]

667, 669 [2d Dept 2019]) as well as its substantial compliance with notice of default requirement contained in the note and mortgage (*see eg Wells Fargo Bank, N.A. v McKenzie,* 186 AD3d 1582, 1584 [2d Dept 2020]). Proof supporting a *prima facie* case on a motion for summary judgment must be in admissible form (*see* CPLR §3212[b]; *Tri-State Loan Acquisitions III, LLC v Litkowski*, 172 AD3d 780 [1st Dept 2019]). A plaintiff may rely on evidence from persons with personal knowledge of the facts, documents in admissible form and/or persons with knowledge derived from produced admissible records (*see eg U.S. Bank N.A. v Moulton*, 179 AD3d 734, 738 [2d Dept 2020]). No specific business records must be proffered, provided the admissibility requirements of CPLR 4518[a] are fulfilled and the records evince the facts for which they are relied upon (*see eg Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2d Dept 2017]).

Plaintiff's motion was supported with an affirmation from Tom French ("French"), a Director of Asset Management of American Mortgage Investment Partners Management, LLC ("AMIP"), the servicer and attorney-in-fact for Wilmington. French avers that his submission was based on a review of the records of Wilmington and Shellpoint, and his knowledge of AMIP's record keeping practices. French's affirmation laid a proper foundation for the admission of the records into evidence under CPLR §4518 by sufficiently showing that the records relied upon "a routine, regularly conducted business activity, and that it be needed and relied upon in the performance of functions of the business", "that the record [was] made pursuant to established procedures for the routine, habitual, systematic making of such a record", and "that the record [was] made at or about the time of the event being recorded" (*Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 205 [2d Dept 2020]). The records of prior servicers were also admissible since French established that those records were received from the makers and incorporated into the records AMIP kept and that it routinely relied upon such documents in its business (*see eg U.S. Bank N.A. v Kropp-Somoza*, 191 AD3d 918 [2d Dept 2021]). The records referenced by French were annexed to the moving papers (*cf. Deutsche Bank Natl. Trust Co. v Kirschenbaum*, 187 AD3d 569 [1st Dept 2020]). AMIP's authority to act on Plaintiff's behalf was established with submission of a power of attorney, dated May 8, 2024 (*see U.S. Bank N.A. v. Tesoriero*, 204 AD3d 1066 [2d Dept 2022]; *Deutsche Ban Natl. Trust Co. v Silverman*, 178 AD3d 898 [2d Dept 2019]).

Based on the foregoing Plaintiff established *prima facie* proof of the mortgage, note, evidence of mortgagor's default in repayment and its standing (*see eg ING Real Estate Fin. (USA) LLC v Park Ave. Hotel Acquisition, LLC*, 89 AD3d 506 [1st Dept 2011]; *see also Redrock Kings, LLC v Kings Hotel, Inc.*, 109 AD3d 602 [2d Dept 2013]; *EMC Mortg. Corp. v Stewart*, 2 AD3d 772 [2d Dept 2003]). Since Defendant Cropper did not contradict any of these issues in the opposition they are "deemed to be admitted" (*see Bank of Am NA v Brannon*, 156 AD3d, 1, 6 [1st Dept 2017]).

Plaintiff was also required to proffer "sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2d Dept 2011]). While RPAPL §1304 does not specify the proof necessary to demonstrate compliance therewith, the Court of Appeals "has long recognized a party can establish that a notice or other document was sent through evidence of actual mailing . . . or . . . by proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature" (*Cit Bank N.A. v Schiffman*, 36 NY3d 550, 556 [2020][internal citations omitted]). "In other words, there are two methods by which a plaintiff can demonstrate the requisite mailings" (*U.S. Bank N.A. v Romano*, 231 AD3d 1079, 1080 [2d Dept 2024]). Proof of actual mailing may be shown with a contemporaneous affidavit of mailing or other admissible evidence, including loan service documentation or postal records, which evidence the required mailings (*see eg U.S. Bank N.A. v Romano*, supra at 1083; *US Bank v Zientek*, 192 AD3d 1189, 1191 [2d Dept 2021]). Alternatively, a plaintiff my proffer evidence of

850665/2023 WELLS FARGO BANK, N.A., vs. CROPPER, DONNA M. ET AL
Motion No. 002

Page 2 of 5

[* 2]

a satisfactory office practice which can raise a rebuttable presumption that the required notice was sent and received by the addressee (*Cit Bank N.A. v Schiffman*, supra).

Regarding the mailing of these notices, in addition to the affidavit of French, Plaintiff also submitted the affirmation of Allen K. Lowrey ("Lowrey"), the Vice President Loan Documentation of Wells Fargo, the holder of the note when the notices were sent. Lowrey's affidavit laid a proper foundation for the admission of Wells Fargo's records into evidence under CPLR §4518 and he also attested to personal knowledge of the mailing practices and procedures of Wells Fargo. Lowrey averred that Wells Fargo generated the notices and performed the mailings, described its standard office procedure, in detail, attached copies of the notices and USPS documents related to Defendant's loan, including the utilization of a "TrackRight" system (*see Bank of Am., N.A. v Bloom*, 202 AD3d 736 [2d Dept 2022]; *HSBC Bank USA, N.A. v Butt*, 199 AD3d 662 [2d Dept 2021]; *see also Homebridge Fin. Servs., Inc. v Mauras*, 201 AD3d 890, 891-892 [2d Dept 2022]; *U.S. Bank N.A. v Pickering-Robinson*, 197 AD3d 757, 760 [2d Dept 2021]). Lowrey demonstrated strict compliance with the notice requirements under RPAPL §1304. Likewise, Plaintiff demonstrated, with the affidavit of the process server, compliance with RPAPL §1303 (*see HSBC Bank USA, N.A. v Ozcan*, 154 AD3d 822 [2d Dept 2017]).

As to the contractual pre-foreclosure notice, paragraph 22 of the mortgage, a ubiquitous provision in residential mortgages, provides that prior to acceleration of the note, the lender must send a notice containing the information specified in paragraph 22[b][1] – [6] in the manner described in paragraph 15 of the mortgage. That section provides that all notices must be in writing and "is considered given to [Mortgagor] when mailed by first class mail or when actually delivered to my notice address if sent by other means" and states "[t]he notice address is the address of the Property unless I give notice to Lender of a different address". On the mailing of this notice, Lowrey's affirmation and annexed documentation sufficiently the above requisites. Accordingly, Plaintiff established *prima facie* that it sent both the statutory and contractual pre-foreclosure notices.

In opposition, Defendant failed to address the substance of Lowrey's affidavit at all. Instead, Defendant focused exclusively on French's affidavit and its supposed deficiencies on these issues. Defendants' denial of receipt of the pre-foreclosure notices does not raise an issue of fact (*see United Nations Fed. Credit Union v Diarra*, 194 AD3d 506 [1st Dept 2021]). All the other affirmative defenses were abandoned as specific legal arguments were not proffered in support of same (*see U.S. Bank N.A. v Gonzalez*, 172 AD3d 1273, 1275 [2d Dept 2019]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2d Dept 2012]; *Wells Fargo Bank Minnesota, N.A v Perez*, 41 AD3d 590 [2d Dept 2007]).

The branch of Plaintiff's motion for a default judgment against the non-appearing parties is granted without opposition (*see* CPLR § 3215; *SRMOF II 2012-I Trust v Tella*, 139 AD3d 599, 600 [1st Dept 2016]).

The branch of Plaintiff's motion to amend the caption is granted without opposition (*see generally* CPLR § 3025; *JP Morgan Chase Bank, N.A. v Laszio*, 169 AD3d 885, 887 [2d Dept 2019]).

Accordingly, it is

ORDERED that the branch of Plaintiff's motion for summary judgment on its foreclosure claim against the appearing parties and for a default judgment against the non-appearing parties is granted; and it is further

850665/2023 WELLS FARGO BANK, N.A., vs. CROPPER, DONNA M. ET AL
Motion No. 002

Page 3 of 5

3 of 5

ORDERED that **Jeffrey R. Miller, Esq, 32 Broadway, 13th Floor, New York, New York 10004, 212-227-4200** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and to examine whether the property identified in the notice of pendency can be sold in parcels; and it is further

ORDERED that in the discretion of the Referee, a hearing may be held, and testimony taken; and it is further

ORDERED that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that if the Referee holds a hearing, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

ORDERED that Plaintiff shall forward all necessary documents to the Referee and to Defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the referee (promptly means within two business days); and it is further

ORDERED that if Defendant(s) have objections, they must submit them to the referee within 14 days of the mailing of plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED that failure to submit objections to the referee may be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED that Plaintiff must bring a motion for a judgment of foreclosure and sale within 45 days of receipt of the referee's report; and it is further

ORDERED that if Plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct Plaintiff to move again for an order of reference and the Court may *sua sponte* toll interest depending on whether the delays are due to Plaintiff's failure to move this litigation forward; and it further

ORDERED that the action is voluntarily discontinued as against "JOHN DOE"; and it is further

ORDERED that the caption shall read as follows:

**850665/2023   WELLS FARGO BANK, N.A., vs. CROPPER, DONNA M. ET AL**                    Page 4 of 5
**Motion No.  002**

4 of 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY, FSB, AS
OWNER TRUSTEE OF THE RESIDENTIAL CREDIT
OPPORTUNITIES TRUST X-A

                                Plaintiff,

            -against-

DONNA M. CROPPER,

                              Defendants.
-------------------------------------------------------------------------X

and it is further

ORDERED that counsel for Plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

ORDERED that Plaintiff shall serve a copy of this Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.

All parties are to appear for a virtual conference via Microsoft Teams on **June 25, 2026, at 10:20 a.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk (SFC-Part32-Clerk@nycourts.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

| | |
|---|---|
| _____2/26/2026_____ | ~~Francis Kahn~~ |
| DATE | FRANCIS KAHN, III, A.J.S.C. |
| | HON. FRANCIS A. KAHN III |
| | J.S.C. |

| CHECK ONE: | | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|---|
| | X | | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | X | FIDUCIARY APPOINTMENT | | REFERENCE |

850665/2023  WELLS FARGO BANK, N.A., vs. CROPPER, DONNA M. ET AL
Motion No. 002
                                       Page 5 of 5

[* 5]