AS Helios LLC v Chauhan (2026 NY Slip Op 01592)

AS Helios LLC v Chauhan

2026 NY Slip Op 01592

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Index No. 850023/16|Appeal No. 6140|Case No. 2024-06698|

[*1]AS Helios LLC, Plaintiff-Respondent,
vPushpa Chauhan, et al., Defendants-Appellants, M&T Bank Also Known as Manufacturers and Traders Trust Company, Defendant-Respondent, New York City Environmental Control Board, et al., Defendants.

Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellants.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about October 25, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Pushpa Chauhan and Paul Eaton for summary judgment dismissing the complaint as against them, and denied their motion for restitution, unanimously affirmed without cost.
Plaintiff commenced this action to foreclose on the mortgage on February 18, 2016, alleging that defendants had failed to make their monthly mortgage payments on the property beginning in September 2010. On a prior appeal, this Court reversed the award of summary judgment to plaintiff and vacated a judgment of foreclosure based on our determination that there were issues of fact as to whether plaintiff had standing to commence the foreclosure action and had complied with statutory notice requirements under RPAPL 1304 (AS Helios v Chauhan, 167 AD3d 492 [1st Dept 2018]). In the interim, however, the property was sold in a foreclosure sale, and this Court later affirmed the denial of defendants' motion to vacate the judgment which granted the purchaser's motion to quiet title (AS Helios v Chauhan, 203 AD3d 567 [1st Dept 2022]).
Defendants now move for summary judgment dismissing the complaint as against them and for restitution because the property had been sold. Defendants failed to meet their prima facie burden and eliminate all questions of fact as to plaintiff's standing by relying on a lost note affidavit that predated the assignment of mortgage to plaintiff (see U.S. Bank Trust, N.A. v Rose, 176 AD3d 1012, 1016 [2d Dept 2019]; see also Weiss v Philips, 157 AD3d 1, 7-8 [1st Dept 2017]).
Defendants also failed to establish their prima facie case that plaintiff failed to comply with contractual and statutory notice requirements. With respect to RPAPL 1304, "mere denial of receipt is insufficient to rebut a presumption of mailing where there is documentary proof of the mailing" (United Nations Fed. Credit Union v Diarra, 194 AD3d 506, 507 [1st Dept 2021]), and any other purported discrepancies in the section 1304 notice, such as the failure to include the telephone number for the Department of Financial Services toll-free helpline, did not render it invalid as a matter of law (see Emigrant Bank v Cohen, 205 AD3d 103, 110 [1st Dept 2022]). Nor did defendants establish that plaintiff failed to substantially comply with the notice requirements of the subject mortgage (see Hudson City Sav. Bank v Friedman, 146 AD3d 757, 758 [2d Dept 2017]), as the notice of default apprises defendants of their entitlement to assert defenses and how to stop enforcement.
Finally, defendants failed to demonstrate that the purported omissions in the section 1306 filing of defendants' last known phone number, which is redacted in the record, and stating the number of days delinquent as "other," which may indicate over 120 days, show that plaintiff did not comply with the requirements of RPAPL 1306 (see Bank of Am. N.A. v Colagrande, 171 AD3d 1124, 1125 [2d Dept 2019]), let alone that these omissions would warrant dismissal of the complaint.
Based on the foregoing, the action remains pending, and therefore restitution is unwarranted at this juncture (cf. Nassau Operating Co., LLC v DeSimone, 206 AD3d 920, 925 [2d Dept 2022]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026